# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERRY D. ALEXANDER, SR, <br><br> Plaintiff; <br><br> v. <br><br> BMW OF NORTH AMERICA, LLC; AUDI OF AMERICA, LLC; FORD MOTORS SERVICE CO.; PORSCHE CARS NORTH AMERICA, INC.; GENERAL MOTORS CO.; VOLVO CAR USA, LLC, <br><br> Defendants. | C.A. No. 22-1488-CFC <br><br> **DEMAND FOR JURY TRIAL** |

**DEFENDANT BMW OF NORTH AMERICA, LLC'S
OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS UNDER
FED. R. CIV. P. 12(b)(6) OR TO SEVER UNDER FED. R. CIV. P. 21**

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................... 1

II. NATURE AND STAGE OF PROCEEDINGS & FACTUAL BACKGROUND ........................................................................................ 2

III. LEGAL STANDARD ............................................................................. 3

IV. ARGUMENT ........................................................................................... 5

    A. Plaintiff Fails to Allege Facts Sufficient to Plausibly Allege Direct Infringement. ................................................................................ 5

    B. Plaintiff's Claim Against BMW NA Should Be Severed (and Dismissed) for Improper Joinder Under 35 U.S.C. § 299 .................. 7

V. CONCLUSION ........................................................................................ 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................ 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................ 4

*Boston Sci. Corp. v. Nevro Corp.*,
  415 F. Supp. 3d 482 (D. Del. 2019) ........................................................................ 5

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
  No. 18-098-MN, 2018 WL 6629709 (D. Del. Dec. 19, 2018) ................................ 4

*Dynamic Data Techs., LLC v. Brightcove Inc.*,
  No. 19-1190-CFC, 2020 WL 4192613 (D. Del. July 21, 2020) ........................ 4, 6

*Ottah v. Fiat Chrysler*,
  884 F.3d 1135 (Fed. Cir. 2018) ...................................................................... 3, 6, 7

*TriPlay, Inc. v. WhatsApp Inc.*,
  No. 13-CV-1703-LPS-CJB, 2018 WL 1479027 (D. Del. Mar. 27,
  2018) ....................................................................................................................... 4

**Statutes**

35 U.S.C. § 299 ........................................................................................... 1, 7, 8, 9

35 U.S.C. § 299(b) ..................................................................................................... 9

**Other Authorities**

Rule 12(b)(6) ............................................................................................................. 3

## I. INTRODUCTION

Defendant BMW of North America, LLC ("BMW NA") hereby moves to dismiss Plaintiff Jerry Dewanye Alexander's ("Plaintiff") complaint for failure to state a claim against BMW NA. D.I. 1 (the "Complaint"). The Complaint does little more than simply recite the claim language and state that generic head-up display ("HUD") systems practice some (but not all) limitations. The Complaint does not show that the BMW accused vehicles possess these generic HUD systems, nor does it plausibly allege the accused BMW vehicles practice a key limitation of the asserted claim: "wherein said laminate material includes a light emitting material."

In addition, BMW NA should at least be severed from this action because BMW NA has been improperly joined in this action with other automotive companies who distribute different cars with different functionality. Plaintiff has not meaningfully alleged (i) any right to relief is asserted against the parties jointly, severally; (ii) with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to" the infringing activity; or that (iii) "questions of fact common to all defendants or counterclaim defendants will arise in the action." 35 U.S.C. § 299.

Thus, for the following reasons, Plaintiff's Complaint should be dismissed as to BMW NA.

1

## II. NATURE AND STAGE OF PROCEEDINGS & FACTUAL BACKGROUND

On November 14, 2022, Plaintiff filed this patent infringement complaint against the six defendant car companies asserting U.S. Patent No. 7,866,861 (the "'861 patent"). Plaintiff alleges he developed "the ability to provide laminate film technology on and between glass windshield layers to deliver LED and other light capabilities within automobiles for viewing purposes." D.I. 1 at 4-5. Plaintiff identified claim 1 in the Complaint and recited the claim language:

> 1. A device for the display of information from the glass portion or other transparent portion of a vehicle,
>
> said device including a power console, a keyboard, and a laminate material applied to a vehicle portion selected from a glass portion and a film applied to a glass portion,
>
> wherein said laminate material includes a light emitting material
>
> therein arranged to provide a display of letters, designs, and any combination thereof, upon activation of said power console,
>
> wherein said display of letters, designs, and any combination thereof are arranged through the control of said keyboard, and
>
> wherein said laminate material may be placed on any location on said vehicle that includes a glass portion thereof.

The Complaint continues by identifying generic "HUD systems" within vehicles. But instead of providing factual allegations or exhibits about the HUD systems, Plaintiff recites some (but not all) of the limitations of claim 1 and states generic HUD systems include them. D.I. 1 at 5. For instance, Plaintiff states "HUD

2

systems within vehicles include, as devices, a glass portion or other transparent portion of a vehicle, a power console, a keyboard, and a laminate material applied to a vehicle portion selected from a glass portion and a film applied to a glass portion." But after reciting verbatim that lengthy limitation, Plaintiff noticeably deviates from the claim language for the next asserted limitation. Plaintiff alleges these HUD systems "include light emitting materials arranged to provide a display upon activation of said power console and through said keyboard," but Plaintiff omits "said laminate material includes a light emitting material." Based on this generic description of HUD systems, Plaintiff alleges "[e]ach of said listed Defendants has incorporated a laminate material-based HUD system within automobiles." D.I. 1 at 5.

With respect to BMW NA, Plaintiff alleges BMW NA has "incorporated HUD systems within X3 and X4 model vehicles at least." D.I. 1 at 6. The complaint provides no additional information, technical or otherwise, regarding BMW NA's accused vehicles.

### III. LEGAL STANDARD

While "[*p*]*ro se* complaints are 'to be liberally construed, and . . . held to less stringent standards than formal pleadings drafted by lawyers' . . . a *pro se* plaintiff must still meet minimal standards to avoid dismissal under Rule 12(b)(6)." *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018) (internal citations omitted). To

3

state a claim for patent infringement, Plaintiff's complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "To provide notice, a plaintiff must generally do more than assert that the product infringes the claim; a plaintiff must show how the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements." *Dynamic Data Techs., LLC v. Brightcove Inc.*, No. 19-1190-CFC, 2020 WL 4192613, at *1 (D. Del. July 21, 2020).

This requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. 18-098-MN, 2018 WL 6629709, at *1 (D. Del. Dec. 19, 2018) (noting it is improper to accept as true "bald assertions, unsupported conclusions or unwarranted inferences"). Rather, "'[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element' of a plaintiff's claim." *TriPlay, Inc. v. WhatsApp Inc.*, No. 13-CV-1703-LPS-CJB, 2018 WL 1479027, at *3 (D. Del. Mar. 27, 2018) (quoting *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008)). Assessing plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV.   ARGUMENT

### A.   Plaintiff Fails to Allege Facts Sufficient to Plausibly Allege Direct Infringement.

Plaintiff's complaint fails in three ways, each of which alone warrants dismissal.  <u>First</u>, Plaintiff has done little more than simply recite some of the claim language and state that generic HUD systems—not even BMW NA vehicles—practice the claim.  *See Boston Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 489 (D. Del. 2019) (dismissing direct infringement allegations where plaintiff identified accused products, pointed to exemplary materials that provided general information about the products, and asserted without explanation that those products meet each claim element).  After identifying the asserted '861 patent, Plaintiff's complaint recites that generic HUD systems include certain verbatim limitations of claim 1.  Plaintiff does not provide any information about or exhibits related to these generic HUD systems beyond simply copying the claim language.

<u>Second</u>, Plaintiff has made no attempt to compare the generic HUD system that he identifies in his Complaint with the BMW vehicles accused of infringing.  Painting all defendants with the same brush, the Complaint alleges "[e]ach of said listed defendants has incorporated a laminate material-based HUD system within automobiles vehicle products manufactured and sold thereby currently and previously."  However, Plaintiff has not provided any well-pleaded allegations to show that any BMW vehicle has a "laminate material-based HUD system."  Nor has

5

Plaintiff identified, or provided any factual support for, what functionality within the X3 and X4 models is the alleged "HUD system." Accordingly, Plaintiff's direct infringement allegations do not "connect[] the allegedly infringing product to the claim elements" and thus do not adequately state a claim of direct infringement. *Dyanmic Data Techs.*, 2020 WL 4192613, at *1; *see also Ottah*, 884 F.3d at 1141-42 (affirming district court's dismissal of *pro se* complaint that failed to allege accused products met certain limitations of the asserted claim).

Third, Plaintiff's conclusory recitation of claim 1 omits a critical limitation, "wherein said laminate material includes a light emitting material." While the Court need not look beyond the Complaint's omission to grant this motion, this omission is meaningful because the accused BMW NA vehicles contain no such laminate material including any light emitting materials. BMW has provided HUD systems in its vehicles since 2003, three years before the earliest filing date of the '861 patent. In the 2003 BMW 5-series, the system projects information from a projector on the dashboard onto the windshield (from the dashboard). In today's X3 and X4, the display is similarly projected from the dashboard onto the windshield. Thus, Plaintiff cannot allege that the accused vehicles have a "laminate material applied to a vehicle portion selected from a glass portion and a film applied to a glass portion, wherein said laminate material includes a light emitting material." '861 patent, claim 1.

*Ottah* affirmed dismissal of a *pro se* patent infringement complaint with more complete allegations than the Complaint here. 884 F.3d at 1142. In *Ottah*, the district court dismissed the complaint because the asserted patent was clearly directed to a book holder, and it contained "no claim that can be plausibly construed to cover a mobile camera device, a mounted camera, or any kind of camera." *Id.* In view of the claim language and the intrinsic evidence, the Federal Circuit affirmed, finding the "'book holder' cannot plausibly be construed to include or be the equivalent of" the accused camera holder. *Id.* Here, Plaintiff makes no argument, and indeed cannot allege, that the accused BMW NA vehicles practice "wherein said laminate material includes a light emitting material."

Because the Complaint does little more than simply recite the claim language and state that generic HUD systems practice some (but not all) limitations, does not show that the BMW accused vehicles possess these generic HUD systems, and does not plausibly allege the accused BMW vehicles practice "wherein said laminate material includes a light emitting material," Plaintiff's Complaint should be dismissed as to BMW NA.

### B. Plaintiff's Claim Against BMW NA Should Be Severed Improper Joinder Under 35 U.S.C. § 299.

Accused infringers may only be joined in one action if two conditions are met: (1) "any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series

7

of transactions or occurrences relating to" the infringing activity; and (2) "questions of fact common to all defendants or counterclaim defendants will arise in the action." 35 U.S.C. § 299.  Plaintiff's allegations against the car company defendants fail on both counts.

First, no defendant is accused of being jointly or severally liable, and no defendant is accused of infringing with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences.  Each defendant is accused of "making, using, offering to sell, and/or selling within the United States, supplying or causing to be supplied in or from the United States, and/or importing into the United States, without authority or license, vehicle devices including such HUD systems ("accused vehicles")."  D.I. 1 at 6.  But Plaintiff identifies a different accused vehicle for each defendant.  For BMW NA, Plaintiff identifies BMW's X3 and X4 model vehicles, which are not distributed, sold, or offered for sale by any other defendant.  For each of the other defendant car companies, Plaintiff identifies other vehicles with which BMW NA is not alleged to have any involvement: (i) Audi's A4 model vehicle; (ii) Ford's F150 model vehicle; (iii) Porsche's Cayenne; (iv) General Motors' Acadia, Sierra, Terrain, Yukon, Chevrolet Camaro, Chevrolet Corvette, Chevrolet Silverado, Chevrolet Suburban, and Chevrolet Tahoe model vehicles; and (v) Volvo's S90, V90 Cross Country, XC60, and XC90 model vehicles.  Because each of the defendants is accused of infringing based on different

8

products, none of the defendants are subject to joint and several liability for the alleged acts of infringement. And none of the alleged acts of infringement arise from the same transaction, occurrence, or series of transactions or occurrences.

Second, Plaintiff has not alleged that the accused systems include "questions of fact common to all defendants." Despite accusing different vehicles with different functionality, Plaintiff makes no allegation that the alleged HUD systems have any common functionality or architecture. Here, in effect, Plaintiff's joinder is "based solely on allegations that [the defendants] each have infringed" the '861 patent, which is insufficient under 35 U.S.C. § 299(b). Because Plaintiff has failed to allege facts sufficient to show that the defendants are properly joined in this action, the claims must be severed.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed for failure to state a claim for failing to adequate allege direct infringement. In the alternative, BMW NA has been misjoined and should be severed from this action under 35 U.S.C. § 299.

Dated: December 5, 2022 Respectfully submitted,

                                                **DLA PIPER LLP (US)**

                                                */s/ Brian A. Biggs*
                                                Brian A. Biggs (DE Bar No. 5591)
                                                Matthew S. Middleton (DE Bar No. 6877)
                                                1201 North Market Street, Suite 2100
                                                Wilmington, DE 19801-1147
                                                Telephone: 302.468.5700
                                                Facsimile: 302.394.2341
                                                brian.biggs@us.dlapiper.com
                                                matthew.middleton@us.dlapiper.com

                                                *Attorneys for Defendant BMW of North America, LLC.*

10

## **WORD COUNT CERTIFICATION**

The undersigned counsel hereby certifies that the foregoing document contains 2,044 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the brief. The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.

*/s/ Brian A. Biggs*
Brian A. Biggs (DE Bar No. 5591)
