## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JERRY DEWANYE ALEXANDER,
SR.,

                Plaintiff,

    v.

BMW OF NORTH AMERICA, LLC,
et al.,

                Defendants.

C.A. No. 22-1488-CFC

**JURY TRIAL DEMANDED**

## DEFENDANT AUDI OF AMERICA, LLC'S OPENING BRIEF
## IN SUPPORT OF ITS MOTION TO DISMISS

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...............................................................................1

II.   NATURE AND STAGE OF PROCEEDINGS..................................1

III.  SUMMARY OF ARGUMENT..........................................................2

IV.   STATEMENT OF FACTS ................................................................3

V.    LEGAL STANDARDS .....................................................................6

VI.   ARGUMENT......................................................................................9

      A.    Plaintiff's Direct Infringement Claims Should be Dismissed....................9

          1.  The Complaint's Infringement Allegations Omit Claim Elements...................................................................................9

          2.  The Complaint Fails to Provide Any Facts From Which to Infer Infringement by a Particular Product .................................12

          3.  The Complaint Identifies a Nebulous Class of Products Without Any Facts Establishing That the Class of Products Infringes............14

      B.    Plaintiff's Indirect Infringement Claims Should be Dismissed ..............14

VII.    CONCLUSION ........................................................................16

ME1 43557430v.1

# <u>TABLE OF AUTHORITIES</u>

## CASES

*AgroFresh Inc. v. Essentiv LLC*,
 C.A. No. 16-662, 2018 WL 6974947 (D. Del. Dec. 27, 2018) ...............8, 15, 16

*Arunachalam v. Int'l Bus. Machines Corp.*,
 C.A. No. 20-1020, 2021 WL 7209362 (D. Del. Dec. 29, 2021) ...........................7

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)..............................................................................................7

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)..............................................................................................7

*Boston Sci. Corp. v. Nevro Corp.*,
 415 F. Supp. 3d 482 (D. Del. 2019)...................................................................13

*DIFF Scale Operation Rsch., LLC v. MaxLinear, Inc.*,
 C.A. No. 19-2109, 2020 WL 2220031 (D. Del. May 7, 2020) ..........................12

*Erickson v. Pardus*,
 551 U.S. 89 (2007)................................................................................................7

*Fujitsu Ltd. v. Netgear Inc.*,
 620 F.3d 1321 (Fed. Cir. 2010) ...........................................................................8

*Garcia v. Remington Epilator*,
 C.A. No. 18-1816, 2019 WL 4643761 (D. Del. Sept. 24, 2019)..........................7

*In re Burlington Coat Factory Sec. Litig.*,
 114 F.3d 1410 (3d Cir. 1997) ..............................................................................1

*Modern Telecom Sys., LLC v. TCL Corp.*,
 C.A. No. 17-583, 2017 WL 6524526 (D. Del. Dec. 21, 2017) ......................2, 12

*Nalco Co. v. Chem-Mod, LLC*,
 883 F.3d 1337 (Fed. Cir. 2018) ...........................................................................8

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
 C.A. No. 13-2052, 2014 WL 4675316 (D. Del. Sept. 19, 2014)..............3, 15, 16

*North Star Innovations, Inc. v. Micron Tech., Inc.*,
    C.A. No. 17-506, 2017 WL 5501489 (D. Del. Nov. 16, 2017)................2, 13, 14

*Promos Techs., Inc. v. Samsung Elecs. Co.*,
    C.A. No. 18-307, 2018 WL 5630585 (D. Del. Oct. 31, 2018)...........2, 11, 14, 15

*Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc.*,
    C.A. No. 09-022, 2009 WL 5184350 (D. Del. Dec. 23, 2009) ...........................1

*SIPCO, LLC v. Streetline, Inc.*,
    230 F. Supp. 3d 351 (D. Del. 2017) ....................................................... 8, 12

*SuperInterconnect Techs. LLC v. HP Inc.*,
    C.A. No. 19-0169, 2019 WL 6895877 (D. Del. Dec. 18, 2019) .................10, 15

*Swirlate IP LLC v. Keep Truckin, Inc.*,
    No. 20-1283-CFC, 2021 WL 3187571 (D. Del. July 28, 2021)........................10

*Thakar v. Tan*,
    372 F. App'x 325 (3d Cir. 2010).....................................................................7

*TMI Sols. LLC v. Bath & Body Works Direct, Inc.*,
    C.A. No. 17-965, 2018 WL 4660370 (D. Del. Sept. 28, 2018)..........................7

*Uniloc 2017 LLC v. Zenpayroll, Inc.*,
    C.A. No. 19-1075, 2020 WL 4260616 (D. Del.
    July 23, 2020)..............................................................10, 12, 13, 15, 16

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
    528 F. Supp. 3d 247 (D. Del. 2021)..........................................................3, 8, 16

## STATUTES / RULES

35 U.S.C. § 271(b) ...................................................................................14

35 U.S.C. § 271(c) ................................................................................8, 16

Fed. R. Civ. P. 8(a)(2)...............................................................................6

Fed. R. Civ. P. 12(b)(6)..............................................................................2

iii

## I.    INTRODUCTION

Plaintiff's complaint of patent infringement is critically defective and should be dismissed. For direct infringement, the complaint (1) omits claim elements while alleging infringement; (2) fails to set forth facts from which to infer infringement by any product; and (3) accuses a broad class of undefined products without identifying how that class of products infringes. Plaintiff's indirect infringement claims, to the extent alleged, fail for lack of plausible direct infringement. The complaint is further devoid of any facts from which to infer the elements of indirect infringement.

## II.    NATURE AND STAGE OF PROCEEDINGS

On November 14, 2022, Plaintiff Jerry D. Alexander, Sr. filed a pro se complaint alleging patent infringement by BMW of North America, LLC, Audi of America, LLC, Ford Motors Service Company, General Motors Company, Porsche Cars North America, Inc., and Volvo Car USA, LLC. D.I. 1 at 6-8.[1] Plaintiff

---

[1] The complaint identifies the "861 patent" and attaches a cover sheet of U.S. Patent No. 7,866,861 as Exhibit A. *See* D.I. 1 at 4-5; D.I. 1-1. A full copy of this patent is attached as Exhibit 1 to the instant motion. Ex. 1 (hereafter "the '861 patent"). The Court can take judicial notice of the '861 patent because it is referenced in and integral to the complaint, and because it is a matter of public record. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc.*, C.A. No. 09-022, 2009 WL 5184350, at *4 (D. Del. Dec. 23, 2009), *report and recommendation adopted*, 2010 WL 1337621 (D. Del. Mar. 31, 2010).

ME1 43557430v.1

generally alleges that "HUD systems"[2] infringe and seeks $2 billion in damages. *Id.* at 5, 7. Audi of America LLC ("Audi") hereby moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## III.    SUMMARY OF ARGUMENT

1.    Plaintiff's direct infringement claim should be dismissed because the complaint omits claim elements in alleging infringement and thus fails to "plead[] facts that plausibly indicate that the [accused device] practices each of the limitations found in [the] claim." *Modern Telecom Sys., LLC v. TCL Corp.*, C.A. No. 17-583, 2017 WL 6524526, at *2 (D. Del. Dec. 21, 2017). The complaint further fails to allege any facts demonstrating "*why it is plausible* that [the accused] product infringes." *North Star Innovations, Inc. v. Micron Tech., Inc.*, C.A. No. 17-506, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017) (emphasis in original), *report and recommendation adopted*, 2018 WL 11182741 (D. Del. Jan. 3, 2018). The complaint also fails allege any facts pertaining to the alleged "HUD systems" establishing "how the accused infringing class of products infringe the asserted patent[]." *Promos Techs., Inc. v. Samsung Elecs. Co.*, C.A. No. 18-307, 2018 WL 5630585, at *4 (D. Del. Oct. 31, 2018).

---

[2] The complaint does not define the term "HUD systems." *See* D.I. 1 at 5-6. For the purposes of this motion, Audi assumes Plaintiff is identifying a vehicle heads-up display system.

2.      To the extent Plaintiff asserts claims of indirect infringement, *see* D.I. 1 at 7 (referencing "encourag[ing] and facilitat[ing] infringing uses of HUD systems therein by its customers"), these claims should also be dismissed for failing to plausibly allege direct infringement. *Promos*, 2018 WL 5630585, at *5. Plaintiff moreover fails to allege any facts regarding Audi's knowledge that its customers' actions constituted infringement of the patent, *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, C.A. No. 13-2052, 2014 WL 4675316, at *7 (D. Del. Sept. 19, 2014); *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 250 (D. Del. 2021), or that the accused systems are not a staple article or commodity of commerce suitable for substantial noninfringing use, *Neology*, 2014 WL 4675316, at *7 n.8.

## IV.    STATEMENT OF FACTS

Plaintiff is the sole named inventor of the '861 patent, which is entitled "Laminated Device for Selective Presentations from the Exterior of a Mobile Vehicle and Method of Use Thereof." '861 patent at cover. The Abstract describes the disclosure as relating to a "mobile vehicle information device that is laminated to the glass surface of or laminated between glass pieces of a windshield or window." *Id.* at Abstract. The mobile vehicle information device includes "illuminating and radiating properties that are operated by power consoles to permit selected illumination of the information for viewing external to the vehicle." *Id.*

3

The specification explains the purpose of the device: "[u]sing this new visible device, one can laminate LED (light emitting diodes), OLED (organic light emitting diodes), EL (electroluminescent films), or other like light emitting materials, onto mobile vehicle glass or other transparent vehicle portions to advertise a trademark name, logo, or other words or designs that will flash or illuminate on the exterior of mobile glass or transparent vehicle portions." *Id.* at 1:20-26. Figure 6, depicted below, illustrates an example of "a taxicab incorporating the inventive device." *Id.* at 1:62-64, Fig. 6. In Figure 6, laminate material 2 is "activated (illuminated)" to "display[] and flash[] the word VACANT." *Id.* at 2:3237, 2:16-20.



*Id.* at Fig. 6 (cropped).

The specification describes that the disclosed laminate material provides a display visible to those outside of a vehicle, and one applied on or between vehicle window glass (i.e., a windshield or side glass). *Id.* at 1:8-13 ("window or a windshield"), 1:35-40 ("mobile glass (such as the windshield)"), 1:30-46 (indicating

4

"the availability of a taxi cab," or for use by "any member of the public, such as people that drive around with logos using stick on tape or paint design on their mobile vehicles"), 2:9-11 (describing the "windshield glass 1" of Figure 1), 2:12-15 (laminate material "placed between mobile glass (such as provided in FIG. 1)"), 2:16-20 ("glass portion of a mobile vehicle (such as a windshield, as in FIG. 6, or a window, as in FIG. 7)"), 2:25-27 ("laminated onto the side glass portion 11A for the purposes of permitting the advertisement of food (or other commercial products or services)"), 2:32-37 ("between windshield glass panels . . . in a typical for-hire mobile vehicle 10 (here a taxicab)"), 2:38-45 ("side glass portion" for advertising "fresh vegetables"). The complaint confirms that the laminate material is on or between window glass by asserting that "[t]he technology described and claimed in the [']861 Patent was developed . . . for use[] on the ability to provide laminate film technology *on and between glass windshield layers*." D.I. 1 at 4 (emphasis added).

Claim 1, the sole independent claim, recites:

> 1. A device for the display of information from the glass portion or other transparent portion of a vehicle, said device including a power console, a keyboard, and a laminate material applied to a vehicle portion selected from a glass portion and a film applied to a glass portion, wherein said laminate material includes a light emitting material therein arranged to provide a display of letters, designs, and any combination thereof, upon activation of said power console, wherein said display of letters, designs, and any combination thereof are arranged through the control of said keyboard, and wherein said laminate

5

material may be placed on any location on said vehicle that
includes a glass portion thereof.

'861 patent, cl. 1. Relevant to this motion, the claimed "laminate material" must be
"applied to a vehicle portion selected from a glass portion and a film applied to a
glass portion," and must "include[] a light emitting material *therein* arranged to
provide a display of letters, designs, and any combination thereof." *Id.* (emphasis
added).

In the complaint, Plaintiff identifies "A4 model vehicles" as Audi accused
vehicles and broadly asserts that "HUD systems" infringe the '861 patent. D.I. 1 at
6. But Plaintiff fails to allege facts demonstrating that all features of claim 1 are
present in any Audi vehicle. Instead, Plaintiff asserts infringement by *omitting* the
claim requirement that the laminate material must "include[] a light emitting
material *therein*." *Id.* at 5-6. Plaintiff avers only that "HUD systems include light
emitting materials *arranged to provide a display* upon activation of said power
console and through control of said keyboard." *Id.* (emphasis added). These are
different things. Plaintiff additionally fails to plead any facts plausibly indicating
how any particular "HUD system" could infringe the claims, or how "HUD systems"
represent a class of infringing products.

## V.    LEGAL STANDARDS

To plead a claim, a complaint must contain "a short and plain statement of the
claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The complaint must set forth sufficient facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). While pleadings from a pro se plaintiff "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court is not obliged to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences," *Arunachalam v. Int'l Bus. Machines Corp.*, C.A. No. 20-1020, 2021 WL 7209362, at *5 (D. Del. Dec. 29, 2021) (citations omitted); *Garcia v. Remington Epilator*, C.A. No. 18-1816, 2019 WL 4643761, at *1 (D. Del. Sept. 24, 2019). Even a pro se complaint must state a plausible claim. *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

To plead direct infringement, a plaintiff must allege facts "that plausibly indicate that the accused products contain each of the limitations found in the claim." *TMI Sols. LLC v. Bath & Body Works Direct, Inc.*, C.A. No. 17-965, 2018 WL 4660370, at *9 (D. Del. Sept. 28, 2018) (citations omitted). "The complaint must place the potential infringer on notice of what activity is being accused of

infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation marks, alterations, and citation omitted). This requires a plaintiff to allege facts connecting the accused product to the elements of the claim. *SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017).

To plead induced infringement, the plaintiff must allege "at least one direct infringer exists, that defendants had knowledge of the patent(s), that defendants specifically intended that their customers would infringe, and that those acts constituted infringement." *AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662, 2018 WL 6974947, at *4 (D. Del. Dec. 27, 2018) (citation omitted), *report and recommendation adopted*, 2019 WL 350620 (D. Del. Jan. 29, 2019). To plead contributory infringement, the plaintiff must allege "(1) an offer to sell, sale, or import; (2) a component or material for use in a patented process constituting a material part of the invention; (3) knowledge by the defendant that the component is especially made or especially adapted for use in an infringement of such patents; and (4) the component is not a staple or article suitable for substantial noninfringing use." *Id.* (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010); 35 U.S.C. § 271(c)). A complaint "fails to state a claim for indirect patent infringement where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior version of the complaint filed in the same lawsuit." *ZapFraud*, 528 F. Supp. 3d at 252.

## VI.   ARGUMENT

### A.   Plaintiff's Direct Infringement Claims Should be Dismissed

Plaintiff fails to allege plausible claims of direct infringement because the complaint (1) omits required claim elements; (2) fails to allege facts supporting an inference of infringement by any particular product; and (3) identifies a class of products that are undefined and without facts establishing how those products infringe.

### 1.   The Complaint's Infringement Allegations Omit Claim Elements

Absent from Plaintiff's complaint are any allegations that an accused product includes the claimed "laminate material applied to a vehicle portion selected from a glass portion and a film applied to a glass portion, *wherein said laminate material includes a light emitting material therein*." '861 patent at cl. 1 (emphasis added). The complaint only mentions this feature in its recital of claim 1. D.I. 1 at 5. When asserting infringement by "HUD systems," however, the complaint carefully avoids this claim requirement:

> HUD systems within vehicles include, as devices, a glass portion or other transparent portion of a vehicle, a power console, a keyboard, and a laminate material applied to a vehicle portion selected from a glass portion and a film applied to a glass portion. Furthermore, such HUD systems *include light emitting materials arranged to provide a display upon activation* of said power console and through control of said keyboard. Thus, HUD systems including said laminate material placed on a glass portion thereof reads on the claim elements of the 861 patent. Each

9

of said listed defendants has incorporated material-based
HUD systems within automobiles . . .

*Id.* at 5 (emphasis added).

Claim 1 does not recite a device that "includ[es] light emitting materials arranged to provide a display upon activation," as Plaintiff alleges. Claim 1 requires the laminate material applied to a glass portion or film applied to a glass portion to "include[] a light emitting material therein." This is a critical difference and a glaring omission in the complaint. The complaint therefore fails to allege that any accused Audi product includes all features of the claim, making direct infringement implausible. *Uniloc 2017 LLC v. Zenpayroll, Inc.*, C.A. No. 19-1075, 2020 WL 4260616, at *2 (D. Del. July 23, 2020) (a complaint that fails to "plausibly indicate that the accused products contain each of the limitations found in the claim" should be dismissed) (citations omitted), *report and recommendation adopted*, 2020 WL 5077416 (D. Del. Aug. 27, 2020); *Swirlate IP LLC v. Keep Truckin, Inc.*, C.A. No. 20-1283-CFC, 2021 WL 3187571, at *2 (D. Del. July 28, 2021) (dismissing direct infringement claim where "the Complaint fails to cite or identify with specificity the information . . . that explains and connects the steps that are performed using the accused product to the elements of each claim."); *SuperInterconnect Techs. LLC v. HP Inc.*, C.A. No. 19-0169-CFC, 2019 WL 6895877, at *2 (D. Del. Dec. 18, 2019) ("The Complaint does not allege facts to support its allegation that [the accused]

10

devices have [certain] characteristics. Nor does it explain how those characteristics connect to the asserted claims.").

The distinction between a device that "includ[es] light emitting materials arranged to *provide a display* upon activation" and a glass portion-applied "laminate material . . . *includ[ing] a light emitting material therein*" is significant. As Exhibit B to the complaint explains, vehicle heads-up displays provide a "windshield-*projected*" image, not lights emitted from a material on or within the windshield itself. D.I. 1-2 (Exhibit B) at 2 (emphasis added). By projecting an image from the dashboard of the vehicle *onto* the windshield, a heads-up display provides "reflected data [that] looks to be part of the actual driving scenario" from the point of view of the driver. *Id.* Here, the complaint provides no allegations connecting a product to a glass portion-applied laminate material having "a light emitting material therein," as claimed. Instead, the complaint appears to *disprove* such allegations.

Even if the differences between Plaintiff's allegations and the claims were trivial (they are not) and Plaintiff's allegations mirrored the claims, infringement would remain implausible because the complaint fails to allege *how* or *why* there is infringement. *Promos Techs.*, 2018 WL 5630585, at *4 ("[S]light alterations to the claim language by using other well-known nomenclature to describe Defendants' products do nothing to articulate *why* the accused . . . products infringe the asserted patents. Nor do the alterations articulate *why* or how the use of [a] tool in

semiconductor manufacturing infringes.") (emphases in original). Indeed, simply parroting the claim language (which the instant complaint fails to do) without alleging any *facts* fails to state a claim of direct infringement. *See, e.g.*, *Uniloc*, 2020 WL 4260616, at *4; *Modern Telecom*, 2017 WL 6524526, at *3; *DIFF Scale Operation Rsch., LLC v. MaxLinear, Inc.*, C.A. No. 19-2109, 2020 WL 2220031, at *2 (D. Del. May 7, 2020), *report and recommendation adopted*, 2020 WL 6867103 (D. Del. Nov. 23, 2020). Plaintiff's direct infringement claim should be dismissed.

> ## 2. The Complaint Fails to Provide Any Facts From Which to Infer Infringement by a Particular Product

Separate from the complaint's omission of claim requirements, the complaint provides no facts from which to infer infringement by any particular product. The complaint "contains no attempt to connect anything in the patent claims to anything about any of the accused products." *SIPCO*, 230 F. Supp. 3d at 353. For example, the complaint fails to allege any facts explaining how any Audi "HUD system" operates or is composed, what particular product or device infringes in "A4 model vehicles," or how a purportedly accused Audi "HUD system" meets all elements of claim 1. Instead, the complaint vaguely refers to the term "HUD systems" across all defendants, without defining it, and broadly asserts that "HUD systems including said laminate material placed on a glass portion thereof read[] on the claim elements of the 861 patent." D.I. 1 at 5.

ME1 43557430v.1

The Court has previously held such allegations, i.e., those lacking any alleged facts, insufficient on a motion to dismiss. *See, e.g., North Star*, 2017 WL 5501489, at *2 ("[Plaintiff] needs to plead facts that say *something* about what [its] view is—about what the accused product contains that meets these claim limitations (and the others) and that helps the Court *understand* why it is plausible that this is so.") (emphases in original); *Uniloc*, 2020 WL 4260616, at *3 ("[A] plaintiff must generally do more than assert that the product infringes the claim; it must show how the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements.") (quoting *Boston Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 489 (D. Del. 2019)). Indeed, in *Boston Scientific* the Court dismissed claims of direct infringement where the complaint "provide[d] general information about the accused products," yet failed to provide any "explanation that the accused products meet each element of at least one claim of the asserted patent." 415 F. Supp. 3d at 489.

Here, the complaint offers no facts regarding how "HUD systems" operate, what features they include, or how those features would meet the elements of the claims. *See* D.I. 1 at 4-7. Nor does the complaint identify any exemplary infringing HUD system, such as a particular make or model of such a device. *See id.* Therefore, in addition to omitting a claim element, the complaint fails to allege any facts from which to infer infringement by any product.

### 3. The Complaint Identifies a Nebulous Class of Products Without Any Facts Establishing That the Class of Products Infringes

The complaint alleges that "HUD systems" infringe the claims without defining the term, presenting any facts regarding what this class of products includes, or identifying any exemplary products within the class. *See* D.I. 1 at 4-7. This is insufficient to plausibly allege infringement: "[w]here an accused infringing product is not identified by name, the plaintiff must allege how the accused infringing class of products infringe the asserted patents. The plaintiff must go beyond 'merely copying the language of a claim element, and then baldly stating (without more) that an accused product has such an element' to assert a plausible claim for infringement." *Promos Techs.*, 2018 WL 5630585, at *4 (quoting *North Star*, 2017 WL 5501489, at *2). For this additional reason, Plaintiff fails to plausibly allege infringement and the claim of direct infringement should be dismissed.

### B. Plaintiff's Indirect Infringement Claims Should be Dismissed

Under the complaint's "Injuries" section, Plaintiff references "providing instruction and guidance regarding the above-described accused vehicle products with the knowledge and specific intent to encourage and facilitate infringing uses of HUD systems therein by its customers." D.I. 1 at 7. To the extent Plaintiff alleges indirect infringement under 35 U.S.C. §§ 271(b) or (c), these claims should also be dismissed.

First, there is no plausible claim of direct infringement, as explained above, so any claim of indirect infringement must also fail as a matter of law. *See, e.g.*, *Promos Techs.*, 2018 WL 5630585, at *5 ("To sufficiently allege indirect infringement, a [c]omplaint must also contain allegations of an underlying act of direct infringement. To the extent that direct infringement of the patents-in-suit has not been sufficiently pled, the indirect infringement claims also suffer from pleading defects.") (citations omitted); *SuperInterconnect Techs.*, 2019 WL 6895877, at *3 (dismissing inducement); *AgroFresh*, 2018 WL 6974947, at *5 (dismissing inducement and contributory infringement).

Second, the complaint fails to allege any facts supporting an inference that Audi had both pre-complaint knowledge of, and a specific intent to infringe, the '861 patent. The complaint provides no factual allegations regarding indirect infringement and only parrots the buzzwords "knowledge and specific intent." *See* D.I. 1 at 7. These factually deficient pleadings are implausible on a motion to dismiss. *Uniloc*, 2020 WL 4260616, at *6 ("Uniloc's allegations amount to conclusory allegations of contributory infringement without providing any factual information permitting the court to draw such an inference.") (citations omitted); *Neology*, 2014 WL 4675316, at *4-*7 ("[T]he allegations otherwise contain no factual specificity as to how it was said that [the defendant's] technology infringed the Asserted Patents, or could be used by customers to infringe [the plaintiff's]

15

intellectual property."); *see also ZapFraud*, 528 F. Supp. 3d at 252 (knowledge of the patent gained from filing of the complaint is insufficient to plead indirect infringement).

Third, the complaint fails to plausibly allege contributory infringement because it lacks any facts related to whether the accused "HUD systems" are not "a staple article or commodity of commerce suitable for substantial noninfringing use," as required by 35 U.S.C. § 271(c). This is insufficient to survive a motion to dismiss. *See, e.g.*, *Neology*, 2014 WL 4675316, at *7 n.8; *AgroFresh*, 2018 WL 6974947, at *6; *Uniloc*, 2020 WL 4260616, at *6.

## VII.  CONCLUSION

For the foregoing reasons, Plaintiff's complaint (D.I. 1) should be dismissed.

ME1 43557430v.1

Dated: December 5, 2022

OF COUNSEL:

Gerald F. Ivey
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000
gerald.ivey@finnegan.com

Elliot C. Cook
Alexander M. Boyer
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
1875 Explorer Street, Ste. 800
Reston, VA 20190-5675
(571) 203-2700
elliot.cook@finnegan.com
alexander.boyer@finnegan.com

MCCARTER & ENGLISH, LLP

*/s/ Brian R. Lemon*
Brian R. Lemon (#4730)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
blemon@mccarter.com
ajoyce@mccarter.com

*Counsel for Defendant*
*Audi of America, LLC*

17