IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JERRY DEWANYE
ALEXANDER, SR.,

                      Plaintiff,

      v.

BMW OF NORTH AMERICA
LLC, AUDI OF AMERICA, LLC,
FORD MOTORS SERVICE
COMPANY, PORSCHE CARS
NORTH AMERICA, INC.,
GENERAL MOTORS COMPANY,
and VOLVO CAR USA, LLC,

                   Defendants.

Civil Action No. 22-1488-CFC

---

## <u>MEMORANDUM ORDER</u>

Plaintiff Jerry Dewanye Alexander, Sr. has sued Defendants BMW of North

America LLC, Audi of America, LLC, Ford Motors Service Company, Porsche

Cars North America, Inc., General Motors Company, and Volvo Car USA, LLC

for infringement of claim 1 of U.S. Patent No. 7,866,861 (the #861 patent). D.I. 1.

Defendants have moved in three separate motions to dismiss the Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim

upon which relief can be granted. D.I. 17; D.I. 18; D.I. 27. Audi and BMW have

moved to dismiss the Complaint without prejudice. D.I. 17, D.I. 18. The

remaining Defendants have moved to dismiss the Complaint with prejudice. D.I. 27. All three motions have been fully briefed.

To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must set forth enough facts, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). But that is exactly what Plaintiff has done here.

Claim 1 of the patent discloses:

> A device for the display of information from the glass portion or other transparent portion of a vehicle, said device including a power console, a keyboard, and a laminate material applied to a vehicle portion selected

2

> from a glass portion and a film applied to a glass portion,
> wherein said laminate material includes a light emitting
> material therein arranged to provide a display of letters,
> designs, and any combination thereof, upon activation of
> said power console, wherein said display of letters,
> designs, and any combination thereof are arranged through
> the control of said keyboard, and wherein said laminate
> material may be placed on any location on said vehicle that
> includes a glass portion thereof.

#861 patent at claim 1 (emphasis added).  And Plaintiff alleges in the Complaint

that the head-up display (HUD) systems in certain of Defendants' vehicles infringe

claim 1 because the HUD systems

> include, as devices, a glass portion or other transparent
> portion of a vehicle, a power console, a keyboard, and a
> laminate material applied to a vehicle portion selected
> from a glass portion and a film applied to a glass portion.
> Furthermore, such HUD systems include light emitting
> materials arranged to provide a display upon activation of
> said power console and through control of said keyboard.
> Thus, HUD systems including said laminate material
> placed on a glass portion thereof reads on the claim
> elements of the [#]861 patent.

D.I. 1 at [ ] (emphasis added).  The Complaint does not allege any additional facts

about how or why the HUD systems in the accused vehicles infringe claim 1.

Because the Complaint does not allege factual allegations beyond the

identities of the Defendants and the accused vehicles and the conclusory assertion

that the HUD systems in those vehicles infringe claim 1 of the #861 patent, it does

not plausibly allege infringement.  Accordingly, I will dismiss the Complaint.

3

Defendants have not established that amendment of the Complaint would be futile. For that reason, I will dismiss the Complaint without prejudice to file an amended complaint.

If Plaintiff seeks to file an amended complaint, he must allege sufficient facts to put Defendants on notice of how their HUD systems infringe claim 1 of the #861 patent. He must also take into account that claim 1's requirement that the HUD system have a "laminate material [that] includes a light emitting material *therein*" is not the same thing as a requirement that the HUD system have "light emitting materials arranged to provide a display." If Plaintiff files an amended complaint without having a good faith basis to allege that there is light emitting material *in* laminate material found in the HUD systems in Defendants' vehicles, Plaintiff will subject himself to the potential imposition of sanctions. Such sanctions could include an order to pay Defendants' attorney fees and costs.

NOW THEREFORE, at Wilmington on this Eighteenth day of September in 2023, **IT IS HEREBY ORDERED** that:

1. Defendant Audi of America, LLC's Motion to Dismiss (D.I. 17) is GRANTED;

2. Defendant BMW of North America, LLC's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) or to Sever Under Fed. R. Civ. P. 21 (D.I. 18) is GRANTED;

4

3. Defendants Ford Motor Service Company, General Motors Company, Porsche Cars North America, Inc. and Volvo Car USA LLC's Motion to Dismiss (D.I. 27) is GRANTED IN PART and DENIED IN PART;

4. The Complaint is DISMISSED WITHOUT PREJUDICE; and

5. If Plaintiff seeks to file an amended complaint he must do so on or before October 18, 2023.  If Plaintiff does not file an amended complaint on or before that date, the Clerk of the Court will CLOSE the case.

_____
CHIEF JUDGE

5